**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MAILIN VILLALON BLANCO** | **CASE NO. 3:26-CV-00036 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TODD LYONS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# ORDER

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 29 U.S.C. § 2241. The Court has been notified by Respondents that Petitioner Mailin Villalon Blanco was released on an order of recognizance on May 21, 2026.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"[1] An action is moot "when the court cannot grant the relief requested by the moving party."[2] A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents."[3] Thus, if a controversy becomes moot, the case must be dismissed for lack of jurisdiction.[4]

The proper purpose of a habeas petition is to challenge the fact or duration of a petitioner's confinement.[5] In other words, habeas exists solely to "grant relief from unlawful imprisonment or

[1] *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).
[2] *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).
[3] *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted).
[4] *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).
[5] *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

custody and . . . cannot be used properly for any other purpose."[6] A petitioner's release from the custody of the BOP thus renders his or her habeas action moot.[7]

Petitioner's habeas petition challenges the immigration process and her re-detention after previously being released on her own recognizance. However, as noted, since the filing of the habeas petition, Petitioner was again released on an order of recognizance. This renders her habeas petition moot.[8]

Because Petitioner is no longer in custody, her § 2241 Petition is moot. Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED and DISMISSED without prejudice as MOOT.

THUS DONE in Chambers on this 24th day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[6] *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

[7] *See, e.g.*, *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release because "the thrust of [the] petition is to be released from confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (same).

[8] *See, e.g.*, *Oguntuyi v. Manuel*, No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24-CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same).